1.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ERIC S. SOLHEIM, in his individual capacity and as the duly appointed representative of Finn Solheim,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN S. FRANK; SCOTT SIMPSON; and LIS, LLC a/k/a Life Insurance Services a/k/a LisCapitas,<br><br>Defendants. | Case No. 3:11-cv-00160<br><br>**CONSENT PROTECTIVE ORDER** |

IT IS NOW, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that certain information, documents, and materials obtained in discovery are of a confidential and proprietary nature and shall be designated and protected as described in this ORDER.

IT IS ORDERED THAT:

1.      Definition of "Document".  The term "Document" shall be used in its <u>broadest sense</u> to include all manner and form by which information is recorded or reproduced, including by way of illustration, and not by way of limitation, the following items: commission grids; commission and/or bonus percentages; premium amounts; banking information, including cancelled checks, payments, and summaries of payments; computer files; computer printouts; computer data and summaries; e-mails; photographs; videotapes; audiotapes; films; digital recordings; notes; correspondence; letters; written or recorded communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of telephone

conversations; summaries or records of personal conversations; diaries; routing slips for memoranda; reports; publications; minutes or records of meetings; resolutions; reports or summaries of interviews or investigations; agreements and contracts, including all modifications and revisions thereof; reports and summaries of negotiations; brochures; pamphlets; and drafts or revisions of documents.

2. Subject Matter of this Protective Order. The terms "Protected Information" and "Protected Documents" are intended to refer to the information and documents which are subject to the limitations on dissemination contained in and the protections afforded by this ORDER.

3. Protected Documents. Protected Documents shall consist of the original and all copies, including the contents thereof, of those documents containing Protected Information that meet the following criteria:

> a. Portions of depositions *and* documents which have or will be produced by any Party in response to a pretrial discovery request from another Party, and
> 
> b. Portions of depositions or documents which either:
> 
>> i. the Parties have agreed to treat as Protected Documents; or
>> 
>> ii. the Court determines that the portion of the deposition or the document is entitled to protection under Rule 26(c).

In addition, Protected Documents shall include any abstracts, summaries, or similar descriptive materials created or prepared from, or based upon, other Protected Documents. Protected Documents shall *not*, however, include privilege logs or other similar indices of Protected Documents.

4. Protected Information. Protected Information shall consist of that information which is contained exclusively in Protected Documents that consists of or contains personal financial information, trade secrets, or other confidential research, development, or commercial

information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), and shall *not* include information obtained from other, unprotected sources or documents.

5. Designation and Contesting of Protected Documents. A Party shall designate by appropriate markings any and all documents which it contends should be designated as Protected Documents under this ORDER. Counsel for the Parties are required by this ORDER to consult and to determine which portions of depositions and documents they can agree should be treated as Protected Documents and which are contested. If a Party contends that a document should be treated as a Protected Document and any other Party disagrees, the document shall nevertheless be treated as a Protected Document unless and until such time as the Court makes its own determination at the request of a Party. If a Party wishes to contest the designation of a document, then that Party shall move the Court for a determination, and the Party seeking protective status will have the burden of establishing that the document should be protected under Rule 26(c). If a Party moves for a determination by the Court, the document will remain a Protected Document unless and until the Court determines and orders that the document is not entitled to protection under Rule 26(c).

6. Marking of Protected Documents. Protected Documents may only be marked as "CONFIDENTIAL," "PROTECTED BY COURT ORDER," or similarly descriptive language along the edges or borders of the documents. Such markings shall in no way cover the printed content of a Protected Document. Watermarks or other markings that interfere with the production of accurate and legible copies of the documents shall not be permitted. The inadvertent failure of a Party to mark any information, document, or material pursuant to this ORDER as "Confidential" shall not constitute a waiver of any otherwise valid claim for

protection, so long as the claim is made within thirty (30) days of production of the information, document, or material.

  7. Use and Disclosure of Protected Documents.  Unless and until this case is reached for trial, Protected Documents and Protected Information SHALL NOT be disclosed to any person other than the following "Qualified Persons."  Protected Documents and Information shall be made available only to "Qualified Persons" and only under the terms and conditions of this ORDER.  The persons described below in Paragraphs 7.a., 7.b., 7.c., and 7.d. are automatically deemed to be "Qualified Persons," and the persons described below in Paragraphs 7.e., 7.f., and 7.g. are deemed "Qualified Persons" only after they have truthfully executed an Affidavit of Compliance with Protective Order, as set forth below:

    a. This Court, officers of this Court involved in this lawsuit, and court reporters and videographers involved in depositions taken in this case;

    b. Counsel of record for the Parties to this lawsuit;

    c. Those paralegals, legal assistants, and law clerks who are employed by and assisting counsel of record during the pendency of this action;

    d. With respect to each Party, the officers, directors, and employees of that Party, if applicable;

    e. Plaintiff;

    f. Defendants;

    g. Any expert or consultant who has been retained or specially employed by a Party or by counsel to assist in this litigation of this matter.

  2. Affidavits of Compliance with Protective Order.  Before giving access to any Protected Document or Protected Information, persons described above in Paragraphs 7.e., 7.f., and 7.g. shall be required to read this ORDER, shall be advised of its terms, and shall agree in writing to be bound by the terms of this ORDER by signing and executing before a notary public

an Affidavit of Compliance with Protective Order, a copy of which is attached hereto and incorporated by reference as Exhibit A. Although this ORDER permits disclosure of Protected Documents and Protected Information to them, persons described in Paragraphs 7.e., 7.f., and 7.g. shall not be permitted to make copies of Protected Documents or their content. In addition, upon request, but no later than thirty (30) days following a final resolution of this action, persons listed in Paragraphs 7.e., 7.f., and 7.g. must promptly return all Protected Documents to the Party from whom they received the Protective Documents.

3. Identification of Qualified Persons. Counsel for the Parties will maintain, for *in camera* inspection by the Court, copies of all certifications signed by persons listed in Paragraphs 7.e., 7.f., and 7.g. pursuant to the provisions of the preceding paragraph and a list of all persons to whom any Protected Document or Protected Information has been provided or revealed.

4. Court reporters and videographers. Any court reporter or videographer who transcribes or records testimony in this action shall agree that all Protected Documents and Information designated as such under this ORDER shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this ORDER, and that any notes, transcriptions, or recordings of such testimony (and any accompanying exhibits) will be delivered to counsel of record for the producing Party.

5. Use of Protected Documents and Information in This Lawsuit. Except as otherwise may be provided in this ORDER, Protected Documents and Information shall be used solely for purposes of this litigation. Protected Documents and Information may only be used during depositions in accordance with the following safeguards:

If Protected Documents and Information are used in depositions, such portions of the transcript of such depositions and exhibits thereto which contain and/or disclose such Protected Documents and Information shall themselves be considered as Protected Documents and Information. Counsel for the Parties shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them in accordance with Paragraph 6 above. If a Party makes known to the court reporter that Protected Documents and Information have been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER"**.

6. <u>Attendance at Depositions</u>. For any deposition in which Protected Documents or Information is to be discussed with the deponent, only Qualified Persons shall be permitted to be present. Nothing in the ORDER prejudices a Party from seeking additional protections for depositions.

7. <u>Filing of Protected Documents under Seal. If either a Protected Document or a document containing Protected Information is filed with the Court, the document must be filed in a sealed envelope or container. Any such sealed envelope or container shall be endorsed with the title of this action, and a statement substantially in the following form: "Filed Under Seal Pursuant To Protective Order." The envelope or container shall not be opened by, or released to, anyone without written stipulation of the Parties or by Order of this Court. The clerk of court is hereby directed to maintain such Protected Documents and Information in a separate portion of the court files not available to the public.</u>

8. <u>If Protected Documents Are Subpoenaed.</u> <u>If counsel for any Party to this ORDER should receive a subpoena or any other request for production of Protected Documents or Information that have been designated under the terms of this Protective Order, that Party's counsel shall within five (5) business days if the request is made with fewer than ten (10) business days for compliance, or shall within seven (7) business days if the request is made with ten (10) or more business days for compliance, notify all other counsel in this matter in writing *and* via facsimile or e-mail. The Party who designated the Protected Documents shall have the responsibility of obtaining relief from the subpoena, order, or other request for production prior to the date for compliance. The subpoenaed Party may produce the Protected Documents if the Party who designated the Protected Documents fails to move the Court for relief from the subpoena prior to the date for compliance, or pursuant to an Order of a Court of competent jurisdiction compelling production.</u>

If an individual or entity who is not a Party to this action but has truthfully executed an Affidavit of Compliance with this Protective Order should receive a subpoena or any other request for production of Protected Documents or Information that have been designated under the terms of this Protective Order, the individual or entity shall, within two (2) business days of receipt of the subpoena, notify and provide a copy of the subpoena by facsimile and/or electronic mail to counsel for the Party who provided such Protected Documents or Information to that individual or entity. Counsel who is notified of a subpoena under this paragraph shall, within two (2) business days of notification, notify and provide a copy of the subpoena by facsimile and electronic mail to counsel for each of the other Parties. Upon notification from counsel, the five- (5) and seven- (7) day provisions for compliance identified in the paragraph above control.

9. <u>Return of Protected Documents</u>. At the conclusion of this litigation, any and all work product of counsel or counsel for the non-producing Party, including working copies of Protected Documents (copies marked, in whole or in part, by counsel), may be retained by counsel and shall continue to be subject to the provisions of this ORDER. Except for such work product and working copies of counsel, within sixty (60) days of the conclusion of this case – either by final adjudication or by compromise settlement – all other copies of Protected Documents *must* be returned to the producing Party. In returning Protected Documents at the conclusion of this case, counsel is responsible for the retrieving and returning *all* copies of Protected Documents from persons described in Paragraphs 7.e., 7.f., and 7.g.

10. <u>Amendments. Nothing in this ORDER will prejudice any Party from seeking amendments broadening or restricting the rights of access to, and the use of, Protected Documents and Information, or from contesting the designation of a Protected Document or a Qualified Person. Any such amendment must be made by written stipulation of the Parties or by Order of this Court.</u>

11. <u>No Waiver. It is acknowledged that the terms of the ORDER shall not be construed as a waiver of any other discovery objection properly within the scope of the Rules of Civil Procedure.</u>

12. <u>Confidentiality at Trial. Production and use of Protected Documents and Information at trial is in the province of the presiding trial judge, and the terms of this ORDER do not control the production and use of Protected Documents and Information at trial.</u>

13. <u>Enforcement. Any person or entity who is shown to have made an unauthorized disclosure of information protected by this ORDER shall be subject to civil contempt, attorneys fees, actual damages caused by the disclosure, or any other penalties that may be imposed by a</u>

Court of competent jurisdiction, as justice so requires. Compliance with the terms of this ORDER shall serve as compliance with any other pre-existing obligation of confidentiality previously imposed upon any Party by the North Carolina General Statutes and/or private agreement.

14. Continuing Authority of the Court. After the termination of this case, the provisions of this ORDER shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Documents for the enforcement of the provisions of this ORDER.

15. Disposition of Protected Materials. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

IT IS SO ORDERED,          Signed: September 13, 2011

*[signature]*

Graham C. Mullen
United States District Judge

CONSENTED TO

FOR PLAINTIFF:

                        CONSENTED TO

                        FOR DEFENDANTS:

s/ Brendan G. Stuhan

BRENDAN G. STUHAN

**STRAUCH FITZGERALD & GREEN, P.C.**    s/ Ronald A. Skufca

118 South Cherry Street                        RONALD A. SKUFCA
**MORETZ & SKUFCA, PLLC**
Winston-Salem, NC 27101                1514 South Church Street, Suite 101
Charlotte, NC 28203
*Attorney for Plaintiff*                          *Attorney for Defendant Jonathan S. Frank*

                        s/ Charles J. Bridgmon

                        CHARLES J. BRIDGMON

                        **DICKIE, MCCAMEY & CHILCOTE, P.C.**

                        2115 Rexford Road, Suite 210

                        Charlotte, North Carolina 28211

*Attorney for Defendants Scott Simpson and*

*LIS, LLC a/k/a Life Insurance Services a/k/a*

*LisCapitas*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

ERIC S. SOLHEIM, in his individual capacity and as the duly appointed representative of Finn Solheim,

                                                                  Plaintiff,

vs.

JONATHAN S. FRANK; SCOTT SIMPSON; and LIS, LLC a/k/a Life Insurance Services a/k/a LisCapitas,

                                                                  Defendants.

                                                              Case No. 3:11-cv-00160

**AFFIDAVIT OF COMPLIANCE**

**WITH PROTECTIVE ORDER**

I, _____, being first duly sworn, depose and state as follows:

1. I certify that I have read the Protective Order dated _____ and entered in the above-captioned matter before reviewing or receiving Protected Documents or Information subject to the provisions of the Protective Order.

2. I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. Specifically, I understand that I may not make copies of any Protected Documents or Protected Information, and I must return any and all copies of Protected Documents in accordance with the terms of the Protective Order.

3. I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this Affidavit of Compliance and may subject me both to the contempt powers of the federal courts and to financial liability to one or more of the Parties.

4. Upon request, but no later than thirty (30) days following a final resolution of this matter, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

5. I subject myself to the jurisdiction and venue of this Court for purposes of enforcing this Affidavit of Compliance and the Protective Order.

FURTHER THE AFFIANT SAYETH NOT.

_____

SWORN to before me this
\_\_\_\_ day of _____, 2011.

_____
Notary Public for _____
My Commission Expires: _____